■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JOHNSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction, pursuant to his plea of guilty, of one count of murder in the second degree. Defendant was charged in the stabbing death of his wife. The court properly denied defendant's motion to quash Grand Jury subpoenas issued to members of defendant's Muslim mosque on the ground that his conversations were privileged pursuant to CPLR 4505. Although confidential communications between a Muslim brother acting as a spiritual advisor may, in some cases, be privileged, in this case defendant failed to meet his burden of proof that the communications fell within the privilege of CPLR 4505. For communications to be privileged, they "must have been made with the purpose of seeking religious counsel, advice, solace, absolution or ministration" (Matter of Fuhrer, 100 Misc 2d 315, 320, affd 72 AD2d 813; United States v Wells, 446 F2d 2). They must also have been made with the intention that they remain confidential (see, Matter of Keenan v Gigante, 47 NY2d 160, cert denied 444 US 887; People v Christopher, 101 AD2d 504, revd on other grounds 65 NY2d 417). A review of the hearing testimony does not support defendant's contention that these communications were privileged because it does not appear that defendant's purpose for the communications was to seek religious counsel. Defendant did not initiate the conversations but, rather, they were initiated by members of the mosque who testified that they were motivated by fear that defendant might be dangerous, and their desire to get him out of the mosque. Defendant was interrogated by members of the mosque, and he denied involvement in his wife's death. Following further questioning, defendant admitted that he killed his wife. At this point, the members of the mosque took defendant to see a lawyer. Because defendant did not testify at the hearing of his motion to quash, his intent concerning the communications must be inferred from the testimony of his Muslim brothers. Their testimony is insufficient to establish that the communications were made for the purpose of seeking spiritual counsel or advice, so as to be accorded the clergy-communicant privilege.

We have examined defendant's remaining contention and find it to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—murder, second degree.) Present—Dillon, P. J., Doerr, Green, O'Donnell and Pine, JJ.